■ Michael Weeks et al., Appellants, v Cynthia Sabo et al., Respondents, et al., Defendant. [721 NYS2d 290] —In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Hall, J.), dated April 5, 2000, as granted the motion of the defendants Cynthia Sabo and Alexander Sabo for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted the motion of the respondents, Cynthia Sabo and Alexander Sabo, for summary judgment dismissing the complaint insofar as asserted against

them. Generally, parents are not liable for the torts committed by their children. A parent may be liable where "the parent's negligence consists entirely of his [or her] failure reasonably to restrain the child from vicious conduct imperiling others, when the parent has knowledge of the child's propensity toward such conduct" (*Steinberg v Cauchois,* 249 App Div 518, 519). The evidence did not establish a propensity on the part of the respondents' son to commit vicious acts. Friedmann, J. P., Florio, Luciano and Feuerstein, JJ., concur.